## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **JOHN DOE**, | * |
| Plaintiff, | * |
| v. | *   Civ. No. RDB-23-03507 |
| **UNIVERSITY OF MARYLAND, COLLEGE PARK,** *et al.*, | * |
| | * |
| Defendants. | |
| | * |

### JOHN DOE'S RESPONSE IN OPPOSTION TO DEFENDANTS NASTASE AND MCGINN'S MOTIONS TO DISMISS COUNT II OF HIS AMENDED COMPLAINT

COMES NOW Plaintiff John Doe, through undersigned counsel and in response to Defendants Nastase and McGinn's Motions to Dismiss Count II of his Amended Complaint, and in support, states as follows:

### INTRODUCTION

Defendants have both moved to dismiss Plaintiff's claim against them for the same reasons they advance in opposition to Plaintiff's Amended Motion for Preliminary Injunction, which has been fully briefed: (1) no College Park student possesses a constitutionally protected property or liberty interest in continued enrollment at a public university, and (2) the process that Plaintiff received here was constitutionally adequate.  For reasons already advanced, those arguments are wrong and thus not only should the Motions be denied, but Plaintiff's Amended Motion for Preliminary Injunction should be granted.

### BACKGROUND

Plaintiff initiated this action on December 27, 2023.  At a preliminary injunction hearing on January 12, the Court (*inter alia*) gave Plaintiff leave to amend his complaint to add a due process claim.  Plaintiff timely did so, at which time he also filed a renewed motion for preliminary

injunction against newly added defendants Angela Nastase and Alyssa-Rae McGinn, the sole defendants named in that claim.

Counsel for defendant the University of Maryland, College Park also represents Defendant Nastase and, on February 7, filed a document titled "Defendant Angela Nastase's Partial Motion to Dismiss" (ECF No. 40) (the "Nastase Motion") along with a document titled "Memorandum in Support of Defendant's Partial Motion to Dismiss and in Opposition to Plaintiff's Amended Motion for Preliminary Injunction" (ECF No. 40-1). Defendant McGinn requested, and received, an extension through March 4 to respond to the Amended Complaint and she timely filed her "Motion to Dismiss Count II of Plaintiff's Amended Complaint" (ECF No. 48 and, along with the Nastase Motion, the "Motions").

Anticipating (presciently) that Defendant McGinn, should she seek dismissal rather than file an answer, would likely raise the same arguments as Defendant Nastase, Plaintiff requested to have through and including March 18 to respond to both defendants' motions to dismiss. This combined response follows.

## ARGUMENT

Defendants first argue that sovereign immunity bars Plaintiff's due process claim. Plaintiff can easily dispatch that argument, as Defendants acknowledge that under *Ex Parte Young*, 209 U.S. 123 (1908), they may be sued for prospective, injunctive relief. Notwithstanding Defendants' lengthy arguments to the contrary, that is the only relief that Plaintiff seeks against them.

Turning to Defendants' other argument, Defendant Nastase at times makes a half-hearted attempt to argue that Plaintiff has failed to plead sufficient facts showing that he is entitled to the relief requested. But Defendants' real contention is that the facts as pled do not matter because under no set of factual circumstances could this Plaintiff, or any other student at the University of Maryland, College Park, establish that they have "a constitutionally protected life, liberty or

property interest," ECF No. 48-1 at 8, in continuing education and, as a matter of law on this record, the process afforded him was constitutionally adequate, *id.* ("Even if this Court assumes . . . that Plaintiff can establish [not plead] a basis for recognizing a constitutionally protected property or liberty interest, the allegations in his Amended Complaint clearly demonstrate that the procedural process afforded by UMCP, Nastase and McGinn was more than constitutionally sufficient."); *see also* ECF # 40-1 at 11 ("Although Mr. Doe's due process claim fails because he has no protected property or liberty interest at stake, his claim also falters because there was no constitutional inadequacy in the process he was afforded.").

Plaintiff has addressed these contentions in his briefs in support of his Amended Motion for Preliminary Injunction, *see* ECF Nos. 29-2, 43, and incorporates them by reference here. In sum, the existence of a viable due process claim does not hinge on the adequacy of the facts as alleged in the Amended Complaint. Plaintiff either does or does not have a protected interest as a matter of law for the reasons already argued and addressed; there is no issue as to whether he has pled that he has such an interest.[*] And either he did or did not receive sufficient process as a matter of law for the reasons already argued and addressed; there is no issue as to whether he has adequately pled facts relating to the process that he received. Indeed, those facts have been recounted at length in two previous hearings before the Court and are undisputed.

---

[*] As Plaintiff has previously noted (ECF No. 43 at 10 n.5), to the extent his due process claim depends on Maryland laws and College Park policies and procedures not expressly identified in his Amended Complaint, the Court can and should judicially notice them. *See Corbitt v. Balt. City Police Dep't*, No. CV RDB-20-3431, 2023 WL 3793997, at *3 n.5 (D. Md. June 2, 2023).

**CONCLUSION**

WHEREFORE, for the foregoing reasons, and for any additional reasons advanced at a hearing on the Motions, should one occur, Plaintiff respectfully requests that the Motions be denied.

Dated: March 18, 2024

Respectfully submitted,

/s/ Patrick R. Seidel
Patrick R. Seidel, Esq. (#21801)
William N. Sinclair, Esq. (#28833)
Todd W. Hesel, Esq. (#21466)
Andrew M. Harvey, Esq. (#21925)
Silverman Thompson Slutkin & White, LLC
400 East Pratt Street, Suite 900
Baltimore, Maryland 21202
(410) 385-2225
pseidel@silvermanthompson.com
bsinclair@silvermanthompson.com
thesel@silvermanthompson.com
aharvey@silvermanthompson.com

*Attorneys for Plaintiff*